**IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT KURPIEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 08 CV 3155 |
| | ) | |
| CALUMET RIVER FLEETING, | ) | Judge Dow |
| | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**CALUMET RIVER FLEETING'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**NOW COMES** the Defendant, CALUMET RIVER FLEETING, ("CALUMET"), by its attorneys, BELGRADE AND O'DONNELL, P.C., and for its Answer to Plaintiff's Complaint at Law states as follows:

1. Jurisdiction and venue lie in this action, Defendant conduction business within this forum's boundaries.

**ANSWER**:   CALUMET does not contest jurisdiction or venue.

2. Jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence, and under the General Maritime Law for unseaworthiness, maintenance, cure and wages.

**ANSWER**:   CALUMET does not contest jurisdiction or venue but denies that Plaintiff is entitled to any recovery under the Jones Act or general maritime law for unseaworthiness, maintenance and cure or wages.

3. At all times material to issues herein Plaintiff served as an employee of Defendant serving as a crew member aboard its vessels, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of his ship.

**ANSWER**:   CALUMET admits only that Plaintiff was an employee of CALUMET and would at times work on CALUMET'S vessels.  Answering further, CALUMET denies the rest and remaining allegations of Paragraph 3, insofar as they have not been admitted.

    4.    On or about December 2007, Plaintiff was in the course of employment when he was required to negotiate an unreasonably slippery stairwell when as a result thereof he was injured because of said failure to provide a safe place to work and seaworthy vessel.

**ANSWER**:    CALUMET admits only that Plaintiff was an employee of CALUMET. Answering further, CALUMET denies the rest and remaining allegations of Paragraph 4.

    5.    Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, <u>inter</u> <u>alia</u>, as follows:

    a.    Pain and suffering, past, present and future;

    b.    Mortification, humiliation, fright shock and embarrassment;

    c.    Loss of earnings and earning capacity;

    d.    Hospital, pharmaceutical and other cure expenses;

    e.    Aggravation of prior condition, if any there be;

    f.    Inability to engage in social, recreational, and other pursuits previously enjoyed;

    g.    Mental anguish;

    h.    Found;

    i.    Maintenance, cure, wages and/or attorney fees.

**ANSWER**:    CALUMET denies each and every allegation of Paragraph 5, (a) through (i) inclusive.

    **WHEREFORE,** Defendant, CALUMET RIVER FLEETING denies that Plaintiff, BRETT KURPIEL, is entitled to judgment in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint at Law with prejudice and award Defendant, CALUMET RIVER FLEETING its costs and all other relief as deemed just and equitable.

## **AFFIRMATIVE DEFENSES**

Without prejudice to its denials, and any and all other statements made in the Answer, Defendant, CALUMET RIVER FLEETING. ("CALUMET"), states as its separate and its complete defense to Plaintiff's Complaint at Law, as follows:

### **First Affirmative Defense**

1. It was the duty of Plaintiff, BRETT KURPIEL, ("KURPIEL"), before and at the time of the occurrence alleged in his Complaint at Law, to exercise due care and caution for his own safety and in a matter so as not to injure or cause injury or damages to himself.

2. Notwithstanding said duty, and in breach thereof, KURPIEL was guilty of one or more of the following acts or omissions of negligence, misconduct or fault:

   a. Failed to observe a condition that was open and obvious to all;

   b. Failed to exercise due care to avoid the condition of which he now complains; and

   c. Failed to heed warnings and otherwise follow orders to prevent his own injuries; and

   d. Failed to exercise due care and caution for his own safety; and

   e. Was otherwise careless and negligent in causing his own injuries.

3. The aforementioned negligence, misconduct and/or fault of KURPIEL contributed in whole or in part, to proximately cause the alleged injuries and damages for which he seeks recovery.

4. As a result of the negligence, misconduct and/or fault of KURPIEL he is precluded from any recovery from Defendant, CALUMET, or in the alternative, any damages awarded to KURPIEL, shall be diminished in proportion to the amount of negligence, misconduct and/or fault attributable to KURPIEL.

**Second Affirmative Defense**

1. KURPIEL has failed to state a claim upon which relief can be granted as required under Federal Rule 12(b)(6).

2. As required by the Jones Act, KURPIEL must set forth sufficient allegations to support his conclusory allegation of negligence by CALUMET, as well as allege how CALUMET's acts or omissions were the proximate cause of his alleged injuries and damages, however, KURPIEL's Complaint fails to do this.

3. Similarly, KURPIEL has also failed to properly state a claim under the general maritime law for unseaworthiness, maintenance and cure and wages.

**WHEREFORE**, Defendant, CALUMET RIVER FLEETING., denies that Plaintiff, BRETT KURPIEL, is entitled to judgment in any amount whatsoever, and further prays that this Court dismiss Plaintiff's Complaint at law with prejudice and award Defendant CALUMET RIVER FLEETING., its costs and all other relief as deemed just and equitable.

**DEFENDANT DEMANDS TRIAL BY JURY**

                                        **CALUMET RIVER FLEETING**

                                        By: /s/: Ross M. Kucera
                                              One of Its Attorneys

Steven B. Belgrade
Ross M. Kucera
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois  60606
312/422-1700

## **CERTIFICATE OF SERVICE**

    Ross M. Kucera, one of the attorneys for Defendant, CALUMET RIVER FLEETING, certifies that the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW was served upon all counsel of record via electronic filing this 20th day of June, 2008.

                                                              \s\: Ross M. Kucera