# IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRETT KURPIEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 08 CV 3155 |
| | ) | |
| CALUMET RIVER FLEETING, | ) | Judge Dow |
| | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

## PARTIES' AGREED INITIAL STATUS REPORT

1. The Parties Joint Status Report is as follows:

   A. Pursuant to Fed. R. Civ. P. 26(f), communications were held between the parties in 08CV3155 between:

   Dennis O'Bryan for Plaintiff Brett Kurpiel.

   Ross M. Kucera for Defendant Calumet River Fleeting.

   B. Federal Jurisdiction is based upon the claim that Defendant was negligent under the Jones Act (46 USCA 30104) and under General Maritime Law.

   C. Plaintiff alleges that on or about December 2007, Plaintiff was in the course of employment when he was required to negotiate an unreasonably slippery stairwell when as a result thereof he was injured because of said failure to provide a safe place to work and seaworthy vessel.

      Defendant has filed certain Affirmative Defenses, including, that it was the duty of Plaintiff, before and at the time of the occurrence alleged in his Complaint at Law, to exercise due care and caution for his own safety and in a matter so as not to injure or cause injury or damages to himself.  Notwithstanding said duty, and in breach thereof, Kurpiel was guilty of one or more acts or omissions of comparative negligence, misconduct or fault.

      Defendant has also alleged that Plaintiff has failed to state a claim upon which relief can be granted as required under Federal Rule 12(b)(6).  As required by the Jones Act, Kurpiel must set forth sufficient allegations to support his claim of negligence by Calumet, as well as allege how Calumet's acts or omissions were the proximate cause of his alleged injuries and damages. However, Kurpiel's Complaint fails to do this.  Similarly, Defendant maintains that Kurpiel has also failed to properly state a claim under the general maritime law for unseaworthiness, maintenance and cure and wages.

D.    Currently, all known parties have been served.

E.  The principal legal issues are: was Calumet negligent; was the vessel unseaworthy; were Calumet's alleged acts or omissions a cause of Kurpiel's injuries; additionally, Kurpiel's comparative negligence in contributing in whole or part to his own accident; and whether Kurpiel has failed to state a claim upon which relief can be grated pursuant to FRCP 12(b)(6); and the nature and extent of Plaintiff's damages in this case.

F.  The principal factual issues to be resolved are whether or not Calumet's alleged acts or omissions were negligent and, if so, whether said negligence was a cause of Kurpiel's alleged injury, and to what extent Kurpiel's own negligence was a cause of his own injury.

G.  Both parties have demanded a jury.

H.  To date, no discovery has been requested or exchanged between Plaintiff and the Defendant.  Necessary discovery will encompass between 4-6 fact witness depositions; compilation of all medical records, accident reports, etc.; and 1-3 treating physician depositions.  The parties have not yet determined the scope and extent of necessary expert witness depositions.

The parties propose the following discovery schedule:

Written discovery to be completed by October 24, 2008;

Party and witness depositions to be completed by January 24, 2009; and

Expert depositions to be completed by March 24, 2009.

Fact discovery to be closed as of March 24, 2009.

I. The parties anticipate that it may require at least 16 months to be ready for trial on this matter (which would include time for dispositive motions and any required pre-trial submissions). The parties anticipate that the trial will take between 2-5 days.

J. The parties do not unanimously agree to proceed before a Magistrate.

K. There have been no settlement discussions at this time.

L. The parties do not request a settlement conference at this time, but it may be productive after discovery is taken.

2. The Initial Status Conference is to be held on July 24, 2008 at 9:00 a.m.

                **s/Kirk E. Karamanian**
                **O'BRYAN BAUN COHEN**
                    **KUEBLER KARAMANIAN**
                401 S. Old Woodward, Ste. 450
                Birmingham, MI 48009
                248-258-6262
                kkaramanian@obryanlaw.net


                **CALUMET RIVER FLEETING**

                By:   /s/: Ross M. Kucera
                    (Per Consent)
                One of Its Attorneys

                Steven B. Belgrade
                Ross M. Kucera
                **BELGRADE AND O'DONNELL, P.C.**
                20 North Wacker Drive,
                Suite 1900
                Chicago, Illinois  60606
                312/422-1700

## CERTIFICATE OF SERVICE

    I hereby certify that on the 21st day of July, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's ECF system.


                /s Kirk E. Karamanian
                KIRK E. KARAMANIAN